Allen I. Sak, Esq. Deputy Town Attorney, Brookhaven
The New York State Department of Audit and Control has transferred to us your April 25, 1983 letter so that we might answer your first question, which relates to compatibility of office. You state in the letter that your town is a suburban town. The town has provided by local law that the commissioner or the deputy commissioner of the Department of Public Safety may also serve as head of a division within the department. Under the town's organizational structure the Division of Fire Prevention is a subdivision of the Division of Public Safety. The head of the division is the chief fire inspector. Your question is whether the commissioner of the Department of Public Safety may continue to serve as chief fire inspector.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Under the common law rule an argument can be made that the position of chief fire inspector is subordinate to the position of commissioner of the Department of Public Safety. A person would, in effect, be his own boss by holding simultaneously both positions. The common law rule of compatibility of office is founded on public policy consideratons to help ensure that public officers exercise their responsibilities in furtherance of the public trust. We believe, however, that a legislative body may establish regulations governing dual-officeholding, which would replace the common law rule. Suburban towns are authorized by local law to create, modify or discontinue departments of town government (Town Law, § 53). Additionally, any town may adopt a local law consistent with general State law and the Constitution in relation to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees (Municipal Home Rule Law, §10[1][ii][a][1]). In our opinion, under these authorizations your town may permit the commissioner of the Department of Public Safety to also serve as chief fire inspector. The town board, as the legislative arm of town government, within the ambit of its authority may make public policy judgments on behalf of the town.
We conclude that a town by local law may permit a commissioner of a department to simultaneously serve as the head of a division within that department.